UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GARRAND BROTHERS, LLC, d/b/a
Garrand's Motorsports,

                        Plaintiff,                    8:22-CV-0924
                                                               (GTS/CFH)
v.

AMERICA HONDA MOTOR CO., INC.,

                        Defendant.
_____

APPEARANCES:                                                  OF COUNSEL:

RUCHELMAN & CRUIKSHANK, P.C.               ALLAN B. CRUIKSHANK, JR., ESQ.
  Counsel for Plaintiff
47 Clinton Street, Suite 102
Plattsburgh, New York 12901

MONACO COOPER LAMME & CARR, PLLC     ADAM H. COOPER, ESQ.
  Counsel for Defendant
1881 Western Avenue, Suite 200
Albany, New York 12203

BAKER & HOSTETLER LLP                              BILLY M. DONLEY, ESQ.
  Co-Counsel for Defendant                                    J. KEITH RUSSEL, ESQ.

811 Main Street, Suite 1100                                   LISA LUZ VIRGEN PARKER, ESQ.
Houston, Texas 77002

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this breach-of-contract action filed by Garrand Brothers, LLC, ("Plaintiff") against America Honda Motor Co., Inc. ("Defendant"), is Defendant's motion to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 10.) For the reasons set forth below, Defendant's motion is granted, and Plaintiff's

Complaint is dismissed.

I.  **RELEVANT BACKGROUND**

   A.  **Summary of Plaintiff's Complaint**

Generally, liberally construed, Plaintiff's Complaint alleges that Defendant wrongfully sent Plaintiff a letter dated July 20, 2022 (the "Notice of Termination"), which terminated the parties' four contractual agreements (collectively referred to as the "Dealer Agreement") purportedly for the following reasons: Plaintiff had abandoned Honda Dealership Operations, failed to conduct customary sales and service operations at the Dealership Location and Dealership Premises for a continuous period of seven business days, relocated from 52 Boynton Avenue, Plattsburgh, New York ("Authorized Dealership Location") to 1945 Military Turnpike, Plattsburgh, New York ("Unauthorized Location") without seeking or receiving Defendant's consent, and displayed Defendant's trademarks and signage at an unauthorized location. (Dkt. No. 2.)

More specifically, Plaintiff's Complaint alleges as follows.  Plaintiff owned and operated a power sport dealership at the Authorized Dealership Location until Plaintiff was involuntarily evicted from there. (*Id*.)  Plaintiff relocated to the Unauthorized Location, but never ceased to conduct customary sales and service operations for a continuous period of seven business days. (*Id*.)  If there was a period of interruption in customary sales and service operations, this period was due to circumstances beyond the direct control of Plaintiff. (*Id*.)  Defendant's Notice of Termination was improper because it did not provide Plaintiff with the proper opportunity to cure its purported breach of the Dealer Agreement. (*Id*.)  Plaintiff has been improperly directed to not display Defendant's trademarks and signage through the Notice of Termination. (*Id*.)

2

Plaintiff's access to the dealer network site has been improperly limited which has prevented Plaintiff from paying for units, processing credit applications, accessing pricing and parts information, and conducting normal sales and service business. (*Id*.)

Based on these factual allegations, Plaintiff asserts four claims against Defendant: (1) a claim of breach of contract; (2) a claim of breach of the implied covenant of good faith and fair dealing; (3) a claim of violation of Section 463(2)(d)(1) of the New York State Franchised Motor Vehicle Dealer Act ("FMVDA" or "Dealer Act"); and (4) a claim of violation of Section 463(2)(e)(3) of the Dealer Act. (*Id*.) Although characterized as "causes of action" in Plaintiff's Complaint, the following two requests are interpreted by the Court as seeking forms of relief with regard to the above-described four claims: (1) a request for an injunction pursuant to Sections 463(e)(1) and 469 of the Dealer Act; and (2) a request for an award of attorney's fees, costs and disbursements pursuant to Section 469 of the Dealer Act. (*Id*.) Familiarity with the factual allegations supporting these claims and requests for relief in Plaintiff's Complaint is assumed in this Decision and Order, which is intended primarily for the review of the parties. (*Id*.)

    **B.**    **Parties' Briefing on Defendant's Motion to Dismiss**

        **1.**    **Defendant's Memorandum of Law-in Chief**

Generally, in its motion to dismiss, Defendant sets forth six arguments. (*See generally* Dkt. No. 10, Attach. 1 [Def.'s Memo. of Law].)

First, Defendant argues that Plaintiff's Complaint fails to state a claim for a breach of contract for four reasons: (a) the Complaint lacks factual allegations plausibly suggesting that Defendant wrongly found Plaintiff in breach of the Dealer Agreement (for abandoning

3

Dealership Operations at the Authorized Dealership Location); (b) the Complaint lacks factual allegations plausibly suggesting that Defendant had a duty under the Dealer Agreement to provide Plaintiff with 180 days to cure a violation warranting a 15-day termination notice, because such a cure period is required by statute and not by the contractual Dealer Agreement (and, in any event, the 180-day cure period is required with regard to only "dealer sales and service[-]performance deficiencies or breaches,"[1] which have not been alleged here); (c) the Complaint lacks factual allegations plausibly suggesting that Defendant wrongfully directed Plaintiff not to use Defendant's trademarks at the Unauthorized Location, because the plain terms of the Dealer Agreement expressly grant Plaintiff a license to use and display Defendant's trademarks, trade names, service marks, and signage *only* at the Authorized Dealership Location, and not at the Unauthorized Location; and (d) the Complaint lacks factual allegations plausibly suggesting that Defendant wrongfully limited Plaintiff's access to the dealer network, because it fails to cite any provision of the Dealer Agreement as establishing that Plaintiff had a right of such access.  (*Id.* at 13-18.)[2]

Second, Defendant argues that Plaintiff fails to state a claim for a breach of the implied covenant of good faith and fair dealing for two reasons: (a) the claim is impermissibly duplicative of Plaintiff's breach-of-contract claim; and (b) the claim impermissibly creates duties that negate Defendant's express right to terminate the Dealer Agreement. (*Id.* at 18-21.)

Third, Defendant argues that Plaintiff fails to state a claim for unlawful termination under the Dealer Act for two reasons: (a) Plaintiff's Complaint alleges facts plausibly suggesting that

---

[1] N.Y. Veh. & Traf. Law § 463(2)(e)(3).

[2] Record citations in this Decision and Order are to the screen numbers on the District's Case Management / Electronic Case Filing ("CM/ECF") System, not the page numbers stated on the documents themselves.

Defendant lawfully terminated the Dealer Agreement under the Dealer Act, because Plaintiff had failed to conduct Customary Operations for a continuous period of seven business days at the designated location by relocating without the prior consent of the franchisor; and (b) the Complaint fails to allege facts plausibly suggesting a claim of unlawful termination (including facts plausibly suggesting that Plaintiff "never ceased to conduct customary sales and service operations for a continuous period of seven business days" and that "if there was any period of interruption . . . then any such period was due to circumstances beyond the direct control of the Plaintiff"). (*Id.* at 21-23.)

Fourth, Defendant argues that Plaintiff fails to state a claim for failing to provide a cure period under the Dealer Act for two reasons: (a) the Dealer Act provides the opportunity for a 180-day cure period only to "correct dealer sales and service performance deficiencies or breaches" under N.Y. Veh. & Traf. Law § 463(2)(e)(3) (which is not the case here); and (b) it would be absurd to read a 180-day cure period into the special circumstances that permit a 15-day termination notice (the others of which also regard things that cannot generally be cured in 180 days, such a dealer's felony conviction or a dealer' filing of bankruptcy). (*Id.* at 24-26.)

Fifth, Defendant argues that Plaintiff's failure to state a claim under Fed. R. Civ. P. 12(b)(6) forecloses its ability to meet the standard governing the award of attorney's fees, and the issuance of a preliminary injunction under Fed. R. Civ. P. 65, especially the element requiring a showing of the likelihood of success on the merits of the claims. (*Id.* at 26-27.)

Sixth, and finally, Defendant argues that the Court's dismissal of Plaintiff's claims should be with prejudice (and granting Plaintiff leave to amend its Complaint would be futile), because Plaintiff's proposed amendments would still have to acknowledge both that it was

evicted and that it moved to a location other than the Authorized Dealership Location (and thus that it has no legal basis to challenge its termination under the Dealer Agreement). (*Id*. at 29-30.)

### 2. Plaintiff's Opposition Memorandum of Law

Generally, in Plaintiff's opposition to Defendant's motion, Plaintiff sets forth the following seven arguments. (*See generally* Dkt. No. 27 [Plf.'s Opp'n Memo. of Law].)

First, Plaintiff argues that, as a threshold matter, many of the factual assertions contained in Defendant's memorandum of law are unsupported by a citation to admissible record evidence. (*Id*. at 4-5.) Moreover, Defendant does not controvert Plaintiff's sworn assertion (in its Verified Complaint) that it never ceased customary operations and that any breach of a duty to not relocate without permission under the Dealer Agreement was beyond its control. (*Id*. at 5.)

Second, Plaintiff argues that its Complaint states a claim for breach of contract by Defendant because it alleges facts plausibly suggesting that Defendant breached the Dealer Agreement by wrongfully sending Plaintiff a 15-day termination notice. (*Id*. at 8-9.)

Third, Plaintiff concedes that its claim for breach of the implied covenant of good faith and fair dealing is duplicative of its claim for breach of contract claim, and consents to the dismissal of this claim. (*Id*. at 9.)

Fourth, Plaintiff argues that its Complaint states a claim for unlawful termination under the Dealer Act, because the Dealer Act makes it unlawful for a distributor to terminate the franchise of any franchised motor vehicle dealer without due cause (regardless of the terms of the franchise agreement), and here Defendant did not have such due cause (given that Plaintiff did not fail to conduct its customary sales and service operations for a continuous period of

seven business days before receiving the 15-day termination notice). (*Id*. at 9-10.)

Five, Plaintiff argues that its Complaint states a claim for failing to provide an adequate cure period under the Dealer Act, because, if the Court were inclined to find that Plaintiff has failed to allege facts plausibly suggesting that the Dealer Act required a 180-day cure period that Defendant breached, the Court should permit Plaintiff to amend its claim to allege facts plausibly suggesting that the Dealer Act required a 90-day cure period that Defendant breached. (*Id*. at 10-11.)

Sixth, Plaintiff argues that it has made an adequate showing for a preliminary injunction, because (a) it has stated numerous actionable claims, (b) it has shown a probability of success on the merits of those claims, and the likelihood of irreparable harm in the absence of preliminary injunctive relief, and (c) indeed, N.Y. Veh. & Traf. Law § 463(2)(e)(1) grants Plaintiff the right to a "stay, without bond" of the 15-day termination notice if this action were commenced within four months of Plaintiff's receipt of that notice (which it was here, the Complaint having been filed on September 6, 2022). (*Id*. at 12.)

Seventh and finally, Plaintiff argues that it has also made an adequate showing of the availability of reasonable attorney's fees under N.Y. Veh. & Traf. Law § 469(1). (*Id*. at 13.)

### 3. Defendant's Reply Memorandum of Law

Generally in its reply memorandum of law, Defendant presents two arguments. (*See generally* Dkt. No. 28 [Def.'s Reply Memo. of Law].)

First, Defendant argues that Plaintiff's opposition memorandum of law improperly applies the standard governing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) in two ways: (a) by incorrectly suggesting that Defendant needs a sworn declaration

in support of its motion (which is unnecessary, because Defendant may rely on documents incorporated by referenced in, but not attached to, the Complaint); and (b) by improperly relying on new factual assertions in its opposition memorandum of law (which were never alleged in the Complaint), without supporting those assertions with citations to admissible record evidence. (*Id*. at 5-8.)

Second, Defendant argues that Plaintiff's opposition memorandum of law fails to show how any of the claims survive a review under Fed. R. Civ. P. 12(b)(6), because Plaintiff's opposition memorandum of law (a) defeats the adequate-performance element of Plaintiff's claim for breach of contract (specifically, by acknowledging that Defendant had a lawful basis to terminate the Dealer Agreement), (b) concedes that Plaintiff cannot maintain a claim for breach of the implied covenant of good faith and fair dealing, (c) attempts to revive its claim for unlawful termination by asserting conclusory allegations in support of it (and not factual allegation plausibly suggesting it), (d) fails to suggest why a new claim for failing to provide a 90-day cure period under the Dealer Act would not be futile, and (e) relies on deficient claims in support its requests for injunctive relief and attorney's fees. (*Id*. at 8-12.)

II.     **RELEVANT LEGAL STANDARDS**

    A.     **Legal Standard Governing Motions to Dismiss for Failure to State Claim**

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de*

8

Case 8:22-cv-00924-GTS-CFH   Document 29   Filed 09/08/23   Page 9 of 19

*novo* review).

Because such dismissals are often based on the first ground, some elaboration regarding that ground is appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp.2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212, n.17 (citing Supreme Court cases) (emphasis added).[3]

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp.2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b]

---

[3] *Accord, Flores v. Graphtex*, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (Munson, J.); *Hudson v. Artuz*, 95-CV-4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998); *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y.1995) (McAvoy, C.J.).

at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp.2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S.Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4)

any matter of which the court can take judicial notice for the factual background of the case.[4]

### B. Legal Standards Governing Plaintiff's Claims

Because the parties to this action have demonstrated, in their memoranda of law, an accurate understanding of the relevant points of law contained in the legal standards governing Plaintiff's claims in this action, the Court will not recite, in their entirety, those legal standards in this Decision and Order, which (again) is intended primarily for review by the parties. (*See generally* Dkt. No. 10, Attach. 1 [Def.'s Memo. of Law]; Dkt. No. 27 [Plf.'s Opp'n Memo. of Law]; Dkt. No. 28 [Def.'s Opp'n Memo. of Law].)

## III. ANALYSIS

### A. Whether Plaintiff's Claim for Breach of Contract Should Be Dismissed for Failure to State a Claim

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Defendant's memoranda of law. *See, supra,* Parts I.B.1. and I.B.3. of

---

[4] *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . . Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

this Decision and Order. To those reasons, the Court adds four points (which are intended to supplement and not supplant Defendant's reasons).

First, Plaintiff materially breached Paragraph D of the Honda Motorcycle Dealer's Sales and Service Agreement, which states as follows: "American Honda has approved the following premises as the only location(s) for the display of Honda trademarks and for dealership operations by dealer: **52 Boynton Ave. Plattsburgh, NY 12901**." (Dkt. No. 10, Attach. 2 at 12 [emphasis in the original].) No other location is listed under this paragraph, which conspicuously refers to the stated location as the "only" one that has been approved. (*Id*.) As a result, the Court finds that Plaintiff's admitted acts of relocating to the Military Turnpike address and continuing dealership operations there (including displaying Honda trademarks there) constitute a breach of the plain language of this provision, as a matter of law. (*See, e.g.,* Dkt. No. 2, at ¶¶ 1, 4, 6, 8 [Plf.'s Compl.].)

Second, Plaintiff also materially breached Paragraph 5.3 of the Honda Motorcycle Dealer's Sales and Service Agreement Standard Provisions, which states as follows in relevant part: "[O]nce Dealer has established its Dealership Operations at the Dealership Location, Dealer shall not move to, establish or operate, directly or indirectly, a new, different, or additional location or facility for the sale or service of Honda Products or for the conduct of Dealership Operations without the prior written consent of American Honda." (Dkt. No. 10, Attach. 2 at 37.) Even when construed with the utmost of liberality, Plaintiff's Complaint alleges that Plaintiff never received (or even sought) prior approval from Defendant to relocate its dealership operations. (*See, e.g.,* Dkt. No. 2, at ¶¶ 6-7 [Plf.'s Compl., alleging that, because it was "compelled" to do so, Plaintiff relocated without approval, which Defendant characterized as

"abandonment" of operations at "the Dealership Location"].)

Third, the above-referenced allegations acknowledge a violation of Paragraph 12.2.D. of the Honda Motorcycle Dealer's Sales and Service Agreement Standard Provisions, which states as follows in relevant part: "Dealer agrees that the right and license [to use and display the Honda Trademarks in connection with Dealership Operations and at the Dealership Location] is automatically revoked upon a change in the Dealership Location which is not approved in writing by American Honda or upon the termination of the Agreement." (Dkt. No. 10, Attach. 2, at 47.)[5]

Fourth, the Court rejects Plaintiff's argument that, in evaluating the pleading sufficiency of Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6), the Court may not consider a letter that Plaintiff sent to Defendant on July 1, 2022, which has been included by Defendant as Exhibit 4 to its memorandum of law (Dkt. No. 10, Attach. 2 at 158-160). This is because, while the Complaint does not expressly incorporate by reference this letter, it incorporates by reference a Notice of Termination (Dkt. No. 2, at ¶¶ 7, 11, 12, 17, 22, 35, 43), which in turn sufficiently references the letter (Dkt. No. 10, Attach. 2, at 4 [referencing "On July 1, 2022, Dealer sent American Honda a letter (Exhibit 4)" and stating Plaintiff's acknowledgement of the undesirability of the Unauthorized Location and eviction from the authorized Dealership Location, all facts that are stated in Plaintiff's letter to Defendant]). *See Levy v. Verizon Info.*

---

[5] The Court notes that, although Plaintiff's Complaint expressly alleges that Defendant (in its Notice of Termination of July 20, 2022) improperly directed that Plaintiff "is not authorized to display *Plaintiff's* trademarks and signage" (Dkt. No. 2, at ¶ 17) (emphasis added), that Notice of Termination (which is incorporated in the Complaint by reference) states no such thing, instead stating as follows: "Dealer is hereby notified that it does not have American Honda's permission to use or display any of the *Honda* trademarks, display *Honda* signage, or use or display any *Honda* tradenames or service marks at the Unauthorized Location." (Dkt. No. 10, Attach. 2, at 5 [emphasis added].)

*Servs., Inc.*, 498 F.Supp.2d 586, 594-95 (E.D.N.Y. 2007) ("Because plaintiffs rely upon the Encompass Plan in the complaint, which in turn references the CBAs, review of the CBAs is appropriate [in deciding the defendants' motion to dismiss for failure to state a claim].").[6]  Of course, the Court finds the letter in question (which admits unauthorized relocation) relevant to the second element of Plaintiff's breach-of-contract claim (i.e., adequate performance of the contract by the plaintiff).[7]  In any event, even if the Court were not to consider the letter, the Court would, and does, reach the same conclusion with regard to Plaintiff's claim for breach of contract (for the reasons stated earlier): Plaintiff's Complaint does not allege facts plausibly suggesting a breach of contract by Defendant.

For all of these reasons, the Court dismisses Plaintiff's claim for breach of contract.

**B.    Whether Plaintiff's Claim for Breach of Implied Covenant of Good Faith and Fair Dealings Should Be Dismissed for Failure to State a Claim**

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Defendant's memoranda of law (which Plaintiff has not even tried to oppose).  *See, supra,* Part I.B. of this Decision and Order.  As a result, the Court dismisses Plaintiff's claim for breach of the implied covenant of good faith and fair dealing.

---

[6]    Alternatively, the Court finds that it may consider the letter as integral to the Complaint. *See, supra,* Part II.A., note 4, of this Decision and Order (citing *DiFolco* case articulating the standard for determining whether a document is integral to a complaint as being "where the complaint relies heavily upon [the document's] terms and effect, thereby rendering the document 'integral' to the complaint").

[7]    As stated in Defendant's memorandum of law (Dkt. No. 10, Attach. 1 [Def.'s Memo. of Law]) and Plaintiff's opposition memorandum of law (Dkt. No 27 [Plf.'s Opp'n Memo. of Law]), for a plaintiff to assert a claim for breach of contract, it must allege facts plausibly suggesting the following four elements: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *InspiRx, Inc. v. Lupin Atlantis Holdings SA*, 554 F.Supp.3d 542, 553 (S.D.N.Y. 2021) (quoting *Harsco Corp. v. Segui,* 91 F.3d 337, 348 [2d Cir. 1996]).

### C. Whether Plaintiff's Claim for Violation of Section 463(2)(d)(1) of the FMVDA Should Be Dismissed Because of Failure to State a Claim

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Defendant's memoranda of law. *See, supra,* Parts I.B.1. and I.B.3. of this Decision and Order. To those reasons, the Court adds two brief points (which are intended to supplement and not supplant Defendant's reasons).

First, on pages 16 and 17 of its memorandum of law in chief, Defendant cites N.Y. Veh. & Traf. Law § 463(2)(d)*(1)*, when in fact Defendant was obviously referring to N.Y. Veh. & Traf. Law § 463(2)(d)*(3)*. (Dkt. No. 10, Attach. 1, at 21-22.) That latter provision states as follows in relevant part:

> The provisions of subparagraphs one and two of this paragraph notwithstanding, a franchisor may terminate its franchise with a franchised motor vehicle dealer upon at least fifteen days written notice upon the occurrence of . . . the failure of the franchised motor vehicle dealer to conduct its customary sales and service operations for a continuous period of seven business days . . . .

N.Y. Veh. & Traf. Law § 463(2)(d)(3). The Court relies on this provision in rendering its findings and conclusions in this Decision and Order.

Second, on pages 16 and 17 of its memorandum of law in chief, Defendant also cites *Mitsubishi Motors N. Am. Inc. v. Grand Auto., Inc.,* 18-CV-0814, 2018 WL 2012875, at *3 (E.D.N.Y. Apr. 30, 2018)*,* in which the district court found that the terminated dealer's relocation of its dealership to an unauthorized location without the franchisor's approval resulted in a failure to conduct customary sales and service operations for a continuous period of seven business days. (Dkt. No. 10, Attach. 1, at 22-23.) The Court relies on this case (as persuasive authority) in rendering its findings and conclusions in this Decision and Order.

For all of these reasons, the Court dismisses Plaintiff's claim for violation of Section 463(2)(d)(1) of the FMVDA.

**D.      Whether Plaintiff's Claim for Violation of Section 463(2)(e)(3) of the FMVDA Should Be Dismissed for Failure to State a Claim**

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Defendant's memoranda of law. *See, supra,* Parts I.B.1. and I.B.3. of this Decision and Order. To those reasons, the Court would add only one point (which is intended to supplement and not supplant Defendant's reasons).

As stated above in Part I.D.2. of this Decision and Order, Plaintiff argues that, if the Court were inclined to find that Plaintiff has failed to allege facts plausibly suggesting that the Dealer Act required a 180-day cure period that Defendant breached, the Court should permit Plaintiff to amend its claim to allege facts plausibly suggesting that the Dealer Act required a 90-day cure period that Defendant breached. Of course, when a court is considering whether to grant a leave of court to amend a complaint, "futility" is a determination, as a matter of law, that the proposed amendments to a complaint would fail to cure the pleading deficiencies in the complaint (or otherwise state a claim). *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

Here, the Court finds that Plaintiff's proposed amended claim alleging the breach of a 90-day cure period instead of the breach of a 180-day cure period would be futile for three reasons. First, the Court finds that only 15 days' notice was required based on the facts alleged in the Complaint. Second, Defendant's Notice of Termination expressly provided, in the alternative, that Defendant "intends to terminate the Dealer Agreement on the ninety-first day after [Plaintiff] receives the notice of termination based on [Plaintiff's] numerous, material breaches

17

of the Dealer Agreements as described above." (Dkt. No. 10, Attach. 2, at 4-5 [Def.'s Memo. of Law].) Third, the Court finds that, again based on the facts alleged in the Complaint (which involved deception and the impossibility of moving back to the original location), giving Plaintiff more than 15 days' notice "would amount to a useless gesture." *Wolff & Munier, Inc. v. Whiting-Turner Contracting Co.*, 946 F.2d 1003, 1009 (2d Cir. 1991); *see also Needham v. Candie's, Inc.*, 01-CV-7184, 2002 WL 1896892, at *4 (S.D.N.Y. Aug. 16, 2002) (finding that New York law permits a party to terminate an agreement immediately without notice and an opportunity to cure when "the misfeasance is incurable and when the cure is unfeasible"), *aff'd*, 65 F. App'x 339 (2d Cir. 2003); *Grocery Haulers, Inc. v. C & S Wholesale Grocers, Inc.*, 11-CV-3130, 2012 WL 4049955, at *15 (S.D.N.Y. Sept. 14, 2012) ("When a breach involves deceptive conduct that goes to the essence of the contract and fundamentally destroys the parties' relationship, it may not be subject to cure.") (citing cases); *cf. Giuffre Hyundai, Ltd. v. Hyundai Motor Am.*, 13-CV-0520, 2013 WL 1968371, at *4 (E.D.N.Y. May 10, 2013) ("The state's motor vehicle statute does not modify the common law in this respect."), *aff'd*, 756 F.3d 204 (2d Cir. 2014).

For all of these reasons, the Court dismisses Plaintiff's claim for violation of § 463(2)(e)(3) of the FMVDA.

### E. Whether Plaintiff's Request for Injunctive Relief Pursuant to Sections 463(e)(1) and 469 of the FMVDA Should Be Dismissed for Failure to State a Claim

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Defendant's memoranda of law. *See, supra,* Parts I.B.1. and I.B.3. of this Decision and Order.

  **F.** **Whether Plaintiff's Request for Award of Attorney's Fees, Costs, & Disbursements Pursuant to Section 469 of the FMVDA Should Be Dismissed for Failure to State a Claim**

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Defendant's memoranda of law. *See, supra,* Parts I.B.1. and I.B.3. of this Decision and Order.

  **ACCORDINGLY,** it is

  **ORDERED** that Defendant's motion to dismiss (Dkt. No. 10) is **GRANTED**; and it is further

  **ORDERED** that Plaintiff's Complaint (Dkt. No. 2) is **DISMISSED**.

Dated: September 8, 2023
    Syracuse, New York

*[Signature]*
Glenn T. Suddaby
U.S. District Judge